Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Arthur Oneil

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ONEIL, individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>AMERIGAS PARTNERS, L.P., a Delaware limited partnership; AMERIGAS PROPANE, L.P., a Delaware limited partnership; AMERIGAS PROPANE, INC., a Pennsylvania corporation; and AMERIGAS, INC., a Pennsylvania corporation,<br><br>            Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)   Violation of 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act);<br>(2)   Violation of California Civil Code §1786 *et seq.* (Investigative Consumer Reporting Agencies Act);<br>(3)   Violation of California Labor Code §432.7; and<br>(4)   Violation of California Business & Professions Code §17200 *et seq.* (Unfair Competition Law).<br><br>**Jury Trial Demanded As To Claims That Are So Triable** |

Plaintiff Arthur Oneil (herein "Plaintiff"), individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## NATURE OF THE ACTION

1.     This class action arises from the acquisition and use of consumer and/or investigative consumer reports (referred to collectively as "background reports") by AMERIGAS PARTNERS, L.P.; AMERIGAS PROPANE, L.P.; AMERIGAS PROPANE, INC.; and AMERIGAS, INC. (herein referred to as "Defendants" or "AmeriGas") to conduct background checks on Plaintiff and other prospective employees as a precondition of employment.

2.     Defendants routinely obtain and use information from background reports in connection with their hiring processes, and frequently rely on such information, in whole or in part, as a basis for adverse employment action, including failure to hire.  While this practice is not unlawful in itself, Defendants do so without complying with state and federal law.

3.     Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendants' systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786, *et seq.*; California Labor Code § 432.7(a); and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

4.     The FCRA is designed to, among other things, permit job applicants whose criminal background reports are inaccurate, incomplete, and/or misleading with ample time to identify and correct these issues prior to the employer making an employment decision.  Under the FCRA, it is unlawful for an employer to rely,

CLASS ACTION COMPLAINT

in whole or in part, on information contained in a consumer report[1] or investigative consumer report[2] as the basis for an adverse employment decision, unless the employer adheres to the strict requirements of the FCRA.

5.    Under the FCRA, § 1681b(b)(3)(A), <u>before</u> taking any adverse action based in whole or part on a consumer report the prospective employer must provide to the applicant:

(1)    a copy of the report; and

(2)    written notice of consumers' rights under the FCRA.

6.    As further alleged herein, Defendants have willfully violated the requirements of § 1681b(b)(3)(A) by taking adverse action against Plaintiff and other job applicants, based on a consumer report, without first providing Plaintiff and other applicants with a written description of their rights under the FCRA and a copy of the report at issue.  The Federal Trade Commission ("FTC") has stated that these requirements serve the purpose of providing consumers a reasonable opportunity to dispute the information in the consumer report.[3]

7.    The FCRA also requires employers to provide a post-adverse action notice to applicants, pursuant to 15 U.S.C. § 1681m(a).  Under this section, any

---

[1] §1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

[2] §1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

[3] Per *Hawkey*, FTC Staff Op. Letter (Dec. 18, 1997) and *Coffey*, FTC Staff Op. Letter (Feb. 11, 1998), the "clear purpose of the provision [is] to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken."

employer taking adverse action based in whole or part on information contained in a consumer report must provide to the applicant:

(1)     notice of the adverse action;

(2)     disclosure of the information giving rise to the adverse action;

(3)     the name, address, and telephone number of the consumer reporting agency that prepared the report; and

(4)     notice of the applicant's right to obtain a copy of the report and to dispute the accuracy or completeness of any information therein.

8.      As further alleged herein, Defendants have violated the requirements of § 1681m(a) by failing to properly notify Plaintiff and other job applicants of the adverse action, failing to disclose the information giving rise to the adverse action, failing to provide the contact information for the reporting agency, and failing to give notice of Plaintiff's and other applicants' right to obtain a copy of the report and to dispute the accuracy or completeness of any information therein.

9.      California's Investigative Consumer Reporting Agencies Act, Cal. Civil Code §1786, *et seq.*, also imposes requirements on employers when making employment determinations based in whole or part on a background report. §1786.40(a) provides that persons denying employment on the basis of a consumer report must give notice to the applicant of the adverse action and complete contact information for the investigative consumer reporting agency that prepared the report.

10.     As further alleged herein, Defendants violated Cal. Civil Code § 1786.40(a) by failing to provide to Plaintiff and class members with either a notification as to the adverse employment action based on a background report, or the name and address of the consumer reporting agency making the report.

11.     Additionally, pursuant to California Labor Code § 432.7(a), an

CLASS ACTION COMPLAINT

1   employer also may not utilize as a factor in determining any condition of

2   employment (including hiring, promotion, termination, etc.) any record of arrest

3   that did not result in conviction, or any record regarding participation in a pre-trial

4   or post-trial diversion program.

5       12.    As further alleged herein, Defendants violated California Labor Code

6   § 432.7(a) by utilizing as a basis for denial of employment information from

7   Plaintiff's and other applicants' background reports concerning arrests that did not

8   result in conviction and/or participation in diversion programs.

9       13.    These violations occurred because Defendants wilfully have failed to

10  properly apprise themselves of the statutory mandates before utilizing background

11  reports to make employment decisions; violated the express and unambiguous

12  provisions of the relevant statutes; and/or failed to implement reasonable

13  procedures to assure compliance with statutory mandates.

14      14.    As a result of Defendants' wrongful acts and omissions, Plaintiff and

15  other putative class members have been injured, including, without limitation,

16  losing employment opportunities with Defendants.

17      15.    Plaintiff seeks on behalf of himself and putative class members,

18  statutory, actual and/or compensatory damages, punitive damages, and equitable

19  relief, including costs and expenses of litigation including attorney's fees, and

20  appropriate injunctive relief requiring Defendants to comply with their legal

21  obligations, as well as additional and further relief that may be appropriate.

22  Plaintiff reserves the right to amend this Complaint to add additional relief as

23  permitted under applicable law.

24                          **JURISDICTION AND VENUE**

25      16.    The FCRA, codified as 15 U.S.C. § 1681, *et seq.*, authorizes Court

26  actions by private parties to recover damages for failure to comply with its

27  provisions.  Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. §

28  1681p and 28 U.S.C. § 1331.

17.    Under 28 U.S.C § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy.  Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse, because Plaintiff is a resident of California, Defendant AMERIGAS PARTNERS, L.P. is a Delaware limited partnership with its principal place of business in Pennsylvania, Defendant AMERIGAS PROPANE, L.P. is a Delaware limited partnership with its principal place of business in Pennsylvania, and Defendant AMERIGAS PROPANE, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania.

18.    Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants transact business in this judicial district and because this District is a District in which a substantial part of the events or omissions giving rise to the Complaint occurred.  Specifically, Plaintiff both completed Defendants' employment application and attended an in-person interview with AmeriGas in Atascadero, California, County of San Luis Obispo. Venue is proper in the Central District of California.

## THE PARTIES

19.    Plaintiff ARTHUR ONEIL is a resident of Atascadero, California, in San Luis Obispo County.

20.    Defendant AMERIGAS PARTNERS, L.P. was and is, upon information and belief, a Delaware limited partnership with its principal place of business and headquarters in King of Prussia, Pennsylvania, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

21.     Defendant AMERIGAS PROPANE, L.P. was and is, upon information and belief, a Delaware limited partnership with its principal place of business and headquarters in King of Prussia, Pennsylvania, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

22.     Defendant AMERIGAS, INC. was and is, upon information and belief, a Pennsylvania corporation with its principal place of business and corporate headquarters in King of Prussia, Pennsylvania, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

23.     Defendant AMERIGAS PROPANE, INC. was and is, upon information and belief, a Pennsylvania corporation with its principal place of business and corporate headquarters in King of Prussia, Pennsylvania, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

**PLAINTIFF'S FACTS**

24.     Plaintiff applied for a job with Defendants by completing an online employment application through the AmeriGas website on or about July 29, 2017. This was followed by an in-person interview at Defendants' Atascadero, California, location on August 15, 2017.  At the interview, Plaintiff met with District Manager Miranda Taylor, who orally extended an offer of employment to him.  Plaintiff received a written offer letter from Defendants via email later that day.

25.     As part of the process of evaluating Plaintiff for employment, Defendants requested a background report on Plaintiff (i.e., a consumer report

1   and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B)

2   and 15 U.S.C. § 1681a(e), and an investigative consumer report, as defined by

3   Cal. Civ. Code § 1786.2(c)).

4       26.    Defendants requested Plaintiff's background report from First

5   Advantage on August 17, 2017.  First Advantage is a national consumer reporting

6   agency as defined by 15 U.S.C. § 1681a.  The background report was completed

7   and sent to Defendants on August 31, 2017.

8       27.    In the days and weeks following the offer of employment, Plaintiff

9   contacted Miranda Taylor several times via phone and text message to inquire as

10  to the status of his employment.  On September 1, 2017, Ms. Taylor contacted

11  Plaintiff via text and by telephone and informed him that AmeriGas would be

12  withdrawing its offer of employment because of negative information in his

13  background report.  Plaintiff was confused, since he recently left a position for

14  which a background check was required, and it came back clear.  Because he had

15  no criminal convictions since the previous background check, he did not expect

16  any negative information to appear on the background report ordered by

17  Defendants.  He explained this to Ms. Taylor, and asked her for a chance to "clear

18  things up," but she told him that there was nothing he could do.  He asked for a

19  week's time to obtain documentation or materials needed to dispute or clarify the

20  information on his background report (which Plaintiff still had not seen), but Ms.

21  Taylor refused.

22      28.    On September 1, 2017, approximately 45 minutes after learning about

23  the negative information in his background report verbally from Ms. Taylor,

24  Plaintiff received an email from "AmeriGas Human Resources," stating: "Thank

25  you for your interest in joining the AmeriGas team as a Service Technician.

26  Although we were very impressed with your credentials, we have other candidates

27  whose experience and qualifications are better suited for the position.  We wish

28  you good luck in your job search and your career."

29.   After receiving this email from Defendants' Human Resources department, Plaintiff contacted Defendants' Atascadero office multiple times by phone over the next several days to request a copy of the background report which was the basis for Defendants withdrawing his job offer, so that he could contest the report and be reconsidered for employment.  However, Defendants simply ignored Plaintiff's calls, and he never heard from them again.

30.   On or about September 9, 2017, Plaintiff saw his background report for the first time, when he received a copy of it in the mail from First Advantage. Plaintiff had checked a box on the authorization and disclosure form that he filled out on August 16, 2017, requesting that a copy of the report be sent to him.  This report did not come from Defendants or at Defendants' request, and had Plaintiff not checked that box, it would not have been sent to him.

31.   Upon information and belief, immediately after receiving Plaintiff's consumer report from First Advantage, Defendants took adverse action against Plaintiff by excluding him from any further employment opportunity based in whole or in part upon the information contained in the report.

32.   At no point prior to taking adverse action did Defendants provide Plaintiff a copy of his report and written notice of his rights under the FCRA, as required by 15 U.S.C. § 1681b(b)(3)(A).

33.   Further, Defendants similarly violated the requirements of 15 U.S.C. § 1681m(a) by failing to properly notify Plaintiff and other job applicants of the adverse action, failing to disclose the information giving rise to the adverse action, failing to provide the contact information for the reporting agency, and failing to give notice of Plaintiff's and other applicants' right to obtain a copy of the report and to dispute the accuracy or completeness of any information therein. Plaintiff learned of the adverse action from Ms. Taylor contemporaneously with the decision being made, however Defendants failed to provide Plaintiff with any information about the consumer reporting agency and failed to notify Plaintiff of

his right to obtain a copy of the report and dispute the information therein. In fact, Defendants told him just the opposite – that the decision was final and the report could not be contested – and failed to respond to Plaintiff's numerous requests for a copy of his background report.

34.     In relying on information in Plaintiff's background report in making its adverse employment decision, Defendants have also violated Cal. Labor Code § 432.7.  California law prohibits employers from using certain, potentially negative, information against employees or applicants with regard to any employment decision—including failure to hire, failure to promote, and termination.  This includes such things as any record of arrest that did not result in conviction, and any record regarding the applicant's participation in a pre-trial or post-trial diversion program.

35.     Upon information and belief, Defendants withdrew Plaintiff's job offer based upon information in his background report related to an arrest for which there was no conviction and/or Plaintiff's participation in a diversion program, which is strictly prohibited under Cal. Labor Code § 432.7.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

37.     Plaintiff's proposed FCRA Class consists of and is defined as:

> All persons who applied for employment with Defendants within the five years immediately preceding the filing of this lawsuit, were the subject of a consumer report which Defendants used to make an employment decision about such applicant, for whom that decision was a rejection, delay, or other adverse employment action, and who were not provided a copy of that consumer report and/or summary of rights provided for in 15 U.S.C. § 1681b(b)(3)(A) before that adverse

1    employment decision.  ("FCRA Class").

2        38.    Plaintiff's proposed Labor Code Class consists of and is defined as

3    follows:

4            All persons who applied for employment with
             Defendant in California within the four years
5            immediately preceding the filing of this lawsuit, were
             the subject of a consumer report which Defendants used
6            to make an employment decision about such applicant,
             for whom that decision was an adverse employment
7            action, which decision was based upon information
             contained in a consumer report including arrests not
8            resulting in conviction, participation in a diversion
             program, or any other factor prohibited by Cal. Labor
9            Code § 432.7(a).  ("Labor Code Class").

10        39.    Plaintiff's proposed California UCL Class consists of and is defined

11    as follows:

12            All persons who applied for employment with
             Defendant in California within the four years
13            immediately preceding the filing of this lawsuit, and
             who:
14
15            1) were the subject of a consumer report, against whom
                an adverse employment action was made, and who
16               were not provided: a notice of the adverse action; a
                 disclosure of information giving rise to the adverse
17               action; contact information of the consumer
                 reporting agency that prepared the report; and a
18               notice of the applicant's right to obtain a free copy
                 of the consumer report and right to dispute the
19               accuracy or completeness of the information, or

20            2) were the subject of an adverse employment action,
                on the basis of records of arrests that did not result
21               in conviction, and/or participation in pre-trial or
                 post-trial diversion programs. ("UCL Class").

22
23        40.    Plaintiff's proposed California ICRAA Class consists of and is

24    defined as follows:

25            All persons who applied for employment with
             Defendant in California within the two years
26            immediately preceding the filing of this lawsuit, who
             had an adverse action taken against them by Defendant,
27            based in whole or in part on a consumer report used for
             employment purposes by Defendant, and to whom
28            Defendant did not provide notice and the name and
             address of the investigative consumer reporting agency

CLASS ACTION COMPLAINT

making the report, as provided in Cal. Civ. Code § 1786.40(a). ("ICRAA Class")

41.    Members of the Classes and/or Subclasses, as described above, will be referred to as "class members." Excluded from the Classes and/or Subclasses are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above Classes and/or Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

42.    <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of all Classes and/or Subclasses are unknown to Plaintiff at this time; however, each class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment and/or hiring records.  Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

43.    <u>Commonality</u>:  There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

       (a)    Whether it is Defendants' standard practice to provide applicants with a copy of a background report and summary of rights under the FCRA prior to taking adverse action against such applicants based in whole or in part on information contained in the background report, in compliance with the statutory mandates;

       (b)    Whether it is Defendants' standard practice to provide

California applicants who are denied employment based in whole or in part on a background report obtained from an investigative consumer reporting agency, with notice of the adverse action and the name and address of the consumer reporting agency prior to or at the time of notice of the denial of employment, in compliance with the statutory mandates;

(c)    Whether Defendants' failures to comply with the FCRA or ICRAA were willful or grossly negligent;

(d)    Whether it is Defendants' standard practice to utilize information about applicants, such as arrests not resulting in conviction, as a basis for adverse employment decisions;

(e)    Whether Defendants' failure to comply with the California Labor Code was intentional;

(f)    The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

44.    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

45.    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he is similarly situated, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the

1   prosecution of this action for the substantial benefit of each class member.

2      46.   <u>Predominance</u>:  Questions of law or fact common to the class

3   members predominate over any questions affecting only individual members of

4   the Class.  The elements of the legal claims brought by Plaintiff and the class

5   members are capable of proof at trial through evidence that is common to the class

6   rather than individual to its members.

7      47.   <u>Superiority</u>:  Plaintiff and class members have all suffered and will

8   continue to suffer harm and damages as a result of Defendants' unlawful and

9   wrongful conduct.  A class action is superior to other available methods for the

10   fair and efficient adjudication of the controversy.  Absent a class action, most

11   class members would likely find the cost of litigating their claims prohibitively

12   high and would therefore have no effective remedy at law.  Because of the

13   relatively small size of the individual class members' claims, it is likely that only a

14   few class members could afford to seek legal redress for Defendants' misconduct.

15   Absent a class action, class members will continue to incur harm and damages and

16   Defendants' misconduct will continue without remedy.  Class treatment of

17   common questions of law and fact would also be a superior method to multiple

18   individual actions or piecemeal litigation in that class treatment will conserve the

19   resources of the courts and the litigants and will promote consistency and

20   efficiency of adjudication.

21      48.   The Class may also be certified because:

22         (a)   the prosecution of separate actions by individual class

23               members would create a risk of inconsistent or varying

24               adjudication with respect to individual class members, which

25               would establish incompatible standards of conduct for

26               Defendants;

27         (b)   the prosecution of separate actions by individual class

28               members would create a risk of adjudications with respect to

them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## Violation of the Fair Credit Reporting Act §§1681b(b)(3)(A)

## (As to FCRA Class Only)

49.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

50.    Defendants are "person[s]" as defined by §1681a(b) of the FCRA.

51.    Plaintiff and class members are "consumers" within the meaning §1681a(c) of the FCRA, because they are "individuals."

52.    §1681b(b)(3)(A) of the FCRA provides, in relevant part:

(A) . . . [I]n using a consumer report for employment purposes, **before taking any adverse action** based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

53.    As discussed more fully above, Defendants violated §1681b(b)(3)(A) of the FCRA because they failed to provide Plaintiff and class members with either a copy of the pertinent consumer report or a summary of consumer rights under the FCRA, prior to taking adverse employment action on Plaintiff and class members.

54.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide a copy of the pertinent consumer report and a summary of rights under the FCRA prior to taking adverse employment action against applicants.  Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and class members, and made adverse employment decisions based on those reports, without first providing a copy of the report and a summary of rights under the FCRA to the applicants.

55.     Defendants' conduct in violation of §1681b(b)(3)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large companies with access to legal advice through their own general counsel's office and outside employment counsel;

(b)     Defendants provide FCRA disclosures and request authorization to perform background checks as part of their employment screening process, which evidences Defendants' awareness of FCRA requirements; and

(c)     The plain language of the statute clearly provides that it is a violation of §1681b(b)(3)(A) of the FCRA to take adverse action based on a background report without first providing the applicant with a copy of the report and a summary of their rights under the FCRA.

56.     As a result of Defendants' adverse actions taken against Plaintiff by way of their failure to follow adverse requirements, as set forth above, Plaintiff

1   and class members have been injured including, but not limited to, losing an

2   employment opportunity with Defendants.

3       57.    Plaintiff, on behalf of himself and all class members, seeks all

4   available remedies pursuant to 15 U.S.C. §1681n, including statutory damages

5   and/or actual damages, punitive damages, injunctive and equitable relief, and

6   attorneys' fees and costs.

7       58.    In the alternative to Plaintiff's allegation that these violations were

8   willful, Plaintiff alleges that the violations were negligent and seeks the

9   appropriate remedy, if any, under 15 U.S.C. §1681o.

10                          **SECOND CAUSE OF ACTION**

11  **Violation of the Investigative Consumer Reporting Agencies Act §1786.40(a)**

12                         **(As to ICRAA Class Only)**

13      59.    Plaintiff hereby incorporates by reference the allegations contained in

14  this Complaint.

15      60.    Defendants are "person[s]" as defined by Cal. Civ. Code §1786.2(a).

16      61.    Plaintiff and class members are "consumers" within the meaning of

17  Cal. Civ. Code §1786.2(b), because they are natural individuals who have made

18  application to a person for employment purposes.

19      62.    §1786.2(c) of the ICRAA defines "investigative consumer report" as

20  "a consumer report in which information on a consumer's character, general

21  reputation, personal characteristics, or mode of living is obtained through any

22  means."

23      63.    §1786.2(d) of the ICRAA defines "investigative consumer reporting

24  agency" as "any person who, for monetary fees or dues, engages in whole or in

25  part in the practice of collecting, assembling, evaluating, compiling, reporting,

26  transmitting, transferring, or communicating information concerning consumers

27  for the purposes of furnishing investigative consumer reports to third parties, but

28  does not include any governmental agency whose records are maintained

primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

64.    §1786.40(a) provides, in relevant part:

(a) Whenever . . . employment . . . is denied, . . . under circumstances in which a report regarding the consumer was obtained from an investigative consumer reporting agency, the user of the investigative consumer report shall so advise the consumer against whom the adverse action has been taken and supply the name and address of the investigative consumer reporting agency making the report.

65.    Defendants violated §1786.40(a) by failing to provide to Plaintiff and class members with either a notification as to the adverse employment action based on a background report, or the name and address of the consumer reporting agency making the report.

66.    On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of taking adverse employment action without providing applicants with notice that adverse action is being taken based upon the applicants' background report or the name and address of the consumer reporting agency making the report.

67.    Accordingly, Defendants wilfully violated and continue to violate the ICRAA including, but not limited to, §1786.40(a).  Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

68.    As a result of Defendants' willful or grossly negligent failure to provide the required notice and information as set forth above, Plaintiff and class members have been injured by, among other things, being deprived of employment opportunities with Defendants.

Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code §1786.50 including actual damages,

1  punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

2  **THIRD CAUSE OF ACTION**

3  **Violation of California Labor Code §432.7(a)**

4  **(As to Labor Code Class Only)**

5  69.    Plaintiff hereby incorporates by reference the allegations contained in

6  this Complaint.

7  70.    Defendants violated Cal. Labor Code §432.7(a) by taking adverse

8  employment action against Plaintiff and members of the Labor Code Class, on the

9  basis of records of arrests that did not result in conviction, and/or participation in

10 pre-trial or post-trial diversion programs.

11 71.    On information and belief, and based upon the facts likely to have

12 evidentiary support after a reasonable opportunity for further investigation and

13 discovery, Defendants had and have a policy and practice of taking adverse

14 employment action based on information in background reports, such as arrests

15 not resulting in conviction or participation in a diversion program, despite the

16 prohibition against using this information against employees or job applicants.

17 72.    Accordingly, Defendants have intentionally violated and continue to

18 violate Cal. Labor Code §432.7.  Defendants' intentional conduct is reflected by,

19 among other things, the facts set forth above.

20 73.    As a result of Defendants' intentional failure to provide the required

21 notice and information as set forth above, Plaintiff and class members have been

22 injured by, among other things, being deprived of employment opportunities with

23 Defendants.

24 74.    Pursuant to §432.7(c), Plaintiff and members of the Labor Code Class

25 are entitled to actual damages of not less than $200 for each and every one of

26 these violations plus costs and reasonable attorney's fees. If the violations are

27 found to be intentional, Plaintiff and members of the Labor Code Class will be

28 entitled to the greater of treble actual damages or $500, plus costs and reasonable

1  attorney's fees.  An intentional violation is also a misdemeanor and punishable by

2  a fine not to exceed $500.

3       75.    Pursuant to §432.7(d), these remedies are in addition to, and not in

4  derogation of any other rights and remedies under any other law.

5  Plaintiff, on behalf of himself and members of the Labor Code Class, seeks all

6  available remedies pursuant to Cal. Labor Code §432.7(c), including actual

7  damages, punitive damages, injunctive and equitable relief, and attorneys' fees

8  and costs.

9                    **FOURTH CAUSE OF ACTION**

10   **Violation of California Business & Professions Code §17200 et seq.**

11                    **(As to UCL Class Only)**

12       76.    Plaintiff hereby incorporates by reference the allegations contained in

13  this Complaint.

14       77.    California's Unfair Competition Law ("UCL"), California Business

15  & Professions Code §17200 et seq., protects both consumers and competitors by

16  promoting fair competition in commercial markets for goods and

17  services. The UCL prohibits any unlawful, unfair or fraudulent business act or

18  practice. A business practice need only meet one of the three criteria to be

19  considered unfair competition. An unlawful business practice is anything that can

20  properly be called a business practice and that at the same time is forbidden by

21  law.

22       78.    As described above, Defendants have violated the "unlawful" prong

23  of the UCL in that Defendants' conduct violated certain provisions of the FCRA,

24  ICRAA, and California Labor Code.  In addition, Defendants have violated 15

25  U.S.C. § 1681m(a). Under this section of the FCRA, any employer taking adverse

26  action based in whole or part on information contained in a consumer report must

27  provide the applicant with: notice of the adverse action; disclosure of the

28  information giving rise to the adverse action, including a numerical credit score;

the name, address, and telephone number of the consumer reporting agency that prepared the report; and notice of the applicant's right to obtain a copy of the report and to dispute the accuracy or completeness of any information therein

79. Defendants have violated the requirements of § 1681m(a) by failing to properly notify Plaintiff and other job applicants of the adverse action, failing to disclose the information giving rise to the adverse action, failing to provide the contact information for the reporting agency, and failing to give notice of Plaintiff's and other applicants' right to obtain a copy of the report and to dispute the accuracy or completeness of any information therein.

80. In fact, Defendants had no contact whatsoever with Plaintiff after sending him the email withdrawing his job offer. While Plaintiff contacted Defendants several times, seeking more information and a copy of his background report, Defendants did not respond.

81. Defendants have violated the "unfair" prong of the UCL in that it gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise take the necessary steps to adhere to the FCRA. Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and UCL Class Members and because the conduct offends public policy.

82. As a result of Defendants' conduct described herein and its willful violations of California Business & Professions Code §17203, Plaintiff and the UCL Class have lost money and suffered harm as described herein.

83. Pursuant to California Business & Professions Code §17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order (1) requiring Defendants to cease the unfair and unlawful practices described herein; and (2) awarding reasonable costs and attorneys' fees pursuant to California Code of Civil Procedure §1021.5.

1   **REQUEST FOR JURY TRIAL**

2      84.    Plaintiff requests a trial by jury of all issues which may be tried by a

3   jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

4   **RELIEF REQUESTED**

5      Plaintiff, on behalf of himself and class members, requests that the Court

6   enter judgment against Defendants, as follows:

7      (a)    An order certifying the proposed Classes, designating Plaintiff

8             as a named representative of the Classes, and designating the

9             undersigned as Class Counsel;

10     (b)    A Declaration that Defendants' practices violate the FCRA,

11            ICRAA, California Labor Code, and UCL;

12     (c)    An award of statutory, compensatory, special, general, and

13            punitive damages according to proof against all Defendants;

14     (d)    An award of appropriate equitable relief, including but not

15            limited to an injunction forbidding Defendants from engaging

16            in further unlawful conduct in violation of the FCRA,

17            ICRAA, California Labor Code, and UCL;

18     (e)    An award of pre-judgment and post-judgment interest, as

19            provided by law;

20     (f)    Leave to amend the Complaint to conform to the evidence

21            produced at trial;

22     (g)    An award of attorneys' fees and costs, as allowed by law,

23            including an award of attorneys' fees and costs pursuant to 15

24            U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code §

25            1786.50, and California Code of Civil Procedure § 1021.5;

26            and

27     (h)    Such other relief as may be appropriate under the

28            circumstances.

1   Dated:  November 30, 2017                Respectfully submitted,

2                                            Capstone Law APC

3

4                                        By: /s/ Bevin A. Pike

5                                            Bevin Allen Pike
                                             Robert K. Friedl
6                                            Trisha K. Monesi

7                                            Attorneys for Plaintiff Arthur Oneil

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT